UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>MICHAEL T. GANCI,<br>      Debtor | CASE NO. 03-21242-rlk<br>CHAPTER 7 |

_____

| | | |
|---|---|---|
| CORAM HEALTHCARE CORPORATION, | : | |
| | : | |
| Creditor/Plaintiff-Appellant, | : | Docket No. 3:05-cv-1031 (WWE) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL T. GANCI, MARIANNA LEE<br>GANCI, AND JOHN J. O'NEIL, JR.,<br>TRUSTEE, | : | |
| | : | |
| Debtors/Defendants-Appellees. | : | |

RULING ON APPEAL FROM
UNITED STATES BANKRUPTCY COURT

This is an appeal from the Judgment and Ruling on Amended Motion to Avoid Liens Impairing Execution Pursuant to 11 U.S.C. section 522(f) by the United States Bankruptcy Court, Honorable Robert L. Krechevsky, United States Bankruptcy Judge.

In its ruling, the Bankruptcy Court held that creditor/plaintiff-appellant Coram Healthcare Corporation's ("Coram") judicial liens on the interests of debtors/defendants-appellees Michael Thomas Ganci and Marianna Lee Ganci in the property known as 23 Lakeview Drive, Farmington, Connecticut were avoided in their entirety.[1]  Coram also

---

[1] The judicial liens in favor of Coram were as follows: (1) judgment lien dated December 11, 2002; (2) judgment lien dated January 27, 2003; and (3) a lis pendens dated February 12, 2003.

1

challenges the Bankruptcy Court's denial of Coram's Motion for Stay Pending Appeal and its denial of Coram's Motion for Relief from Automatic Stay.

The district court is required to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous.  See Bankruptcy Rule 8013.  In contrast to questions of fact governed by the clearly erroneous standard, a de novo standard of review applies to questions of law.  In re Maxwell Newspapers, Inc., 981 F.2d 85, 89 (2d Cir. 1992).  Where mixed questions of fact and law are challenged, the district court reviews the legal conclusions de novo, and the factual determinations are reviewed for clear error.  In re United States Lines, Inc., 197 F.3d 631, 640-42 (2d Cir. 1999).  Thus, while the reviewing court is obliged to accept the Bankruptcy Court's undisturbed findings of fact unless they are clearly erroneous, it is not required to accept its conclusions as to the legal effect of those findings.  Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2d Cir. 1987).

Here, Coram is challenging the Bankruptcy Court's findings of fact and its conclusions of law.  Accordingly, the Court applies both standards in its review of this appeal.  Upon review, this Court holds that the Bankruptcy Court committed no error in its findings of fact, that it appropriately applied the law in making its conclusions of law, and that it did not abuse its discretion in admitting evidence at trial.  Accordingly, the Bankruptcy Court committed no error of fact or law and its ruling is hereby AFFIRMED.

The clerk is instructed to enter judgment in favor of the defendants-appellees on this bankruptcy appeal, and to close this case.

SO ORDERED this __9th___ day of February, 2006 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge